## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A CRIMINAL COMPLAINT

I, Mariano Garay-Ortiz, being first duly sworn, do here by depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a United States Customs and Border Protection Enforcement Officer with the Department of Homeland Security, assigned to investigate Immigration Law violations and Criminal Laws of the United States at the Luis Muñoz Marín International Airport, Carolina, Puerto Rico.

2. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. This affidavit is submitted in support of a criminal complaint charging Lucrecio ELENA-PAREDES ("ELENA-PAREDES") with: (1) Re-entry after deportation as an Aggravated Felon in violation of 8 U.S.C. § 1326(a) & (b)(2).

### PROBABLE CAUSE

4. On or about April 6, 2025, at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, an alien by the name of Lucrecio ELENA-PAREDES, a citizen of the Dominican Republic, was found in the United States attempting to board Frontier Airline flight number 99, bound to the city of Santo Domingo, Dominican Republic.

5. During the inspection conducted by the U.S. Customs and Border Protection Officers, the alien claimed to be a citizen of the Dominican Republic by name of Lucrecio ELENA-PAREDES and presenting a Dominican Republic Provisional Passport or Transportation Letter number 25042c-394, as proof of identity.

6. The document presented by ELENA-PAREDES also contained his photograph, and the document was issued under the name of "Lucrecio ELENA-PAREDES". ELENA-PAREDES claimed to be the rightful bearer of the document.

7. Because ELENA-PAREDES did not have any document that allowed him to be present in the United States, he was held for a closer inspection.

8. During this process ELENA-PAREDES fingerprints were submitted to the FBI for examination and comparison, this examination disclosed a match to FBI record #XXXXXX. FBI record revealed the following:

   a. On 03/03/1990, the subject was convicted of Attempting Criminal Possession of Controlled substance in the 5th degree and sentenced to one (1) year of imprisonment at the Superior Court of New York County.

   b. On 03/08/1990, the subject was convicted of Criminal Possession of a Weapon in the 3rd degree and sentenced to one (1) year of imprisonment at the Supreme court of New York County.

   c. 04/24/1991, the subject was convicted of Criminal Possession of Controlled Substance in the 7th degree and sentenced to thirty (30) days of imprisonment at the Criminal Court of New York County.

   d. On 10/11/1995. The subject was Ordered Removed from the United States to the Dominican Republic by the Immigration Judge.

   e. On 04/20/1996, subject was physically removed from the United States to the Dominican Republic.

   f. On June 8, 2000, the subject was apprehended by US Coast Guard and his custody was transferred to the US Border Patrol.

   g. On June 9, 2000, the subject was served with a Notice of Intent / Decision to Reinstate Prior Order from the United States to the Dominican Republic.

   h. On 10/18/2001, the subject was convicted of Reentry of Removed Alien, title 8, section 1326(b)(2) at the United States District Court for the District of Puerto Rico. 00-CR-317-1(PG)

   i. On 12/19/2003, subject was physically removed from the United States to the Dominican Republic.

9. ELENA-PAREDES was read his *Miranda* rights, and he did not waive his rights and did not agree to be interviewed. During his immigration processing, ELENA-PAREDES stated that his true and correct name is Lucrecio ELENA-PAREDES, and that he is a national and citizen of the Dominican Republic.

10. As part of his removal procedure on 1995 and on 2003 ELENA-PAREDES was advised that after his deportation / removal from the United States, he was required to obtain permission from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

11. I conducted records checks which reveal that no application to request permission on form I-212 had been filed on behalf of "Lucrecio ELENA-PAREDES" at the Office of Citizenship and Immigration Services.

12. ELENA-PAREDES is a citizen and national of the Dominican Republic and is an alien with no authorization or legal status to be present in the United States.

13. Further, ELENA-PAREDES was deported from the United States and prohibited from re-entering the United States without obtaining consent from the Attorney General or his successor under the Department of Homeland Security prior to his re-embarkation at a place outside the United States or his application for admission.

## CONCLUSION

14. Based upon my training, experience, and my participation in this investigation, I believe that probable cause exists that Lucrecio ELENA-PAREDES was found in the United States in violation of 8 U.S.C. § 1326 (a) & (b)(2).

Respectfully submitted,

Mariano Garay-Ortiz
Enforcement Officer
Us Customs and Border Protection

Sworn in accordance with the requirement of Fed. R. Crim. P. 4.1. by telephone at __12:06pm__ on this _7th_ day of April 2025, in San Juan, Puerto Rico.

HON. Hector Ramos Vega
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

4